

# The Attorney General of Texas

February 6, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce. Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Edward L. Poole
County Attorney pro tempore
County of Potter
Amarillo, Texas 79101

Opinion No. H- 1124

Re: Disposition of fines levied for failure to appear in court for an alleged violation of a game, fish, or park law.

Dear Mr. Poole:

Your office inquires about the disposition of a fine collected under section 12.106 of the Parks and Wildlife Code, which reads as follows:

> (a) Any peace officer of this state or a political subdivision of this state or an authorized employee of the department who arrests a person for a violation of a game, fish, or park law of this state or of a regulation of the commission may deliver to the alleged violator a written notice to appear before the justice court having jurisdiction of the offense not later than 15 days after the date of the alleged violation.
>
> (b) On signing the written notice to appear and thereby promising to appear as provided in the notice, the alleged violator shall be released.
>
> (c) Failure to appear within the time specified in the written notice is a misdemeanor punishable by a fine of not less than $10 nor more than $200, and a warrant for the arrest of the alleged violator may be issued.

Section 12.107(a) of the Code provides for remission to the Parks and Wildlife Department of 80 or 85 percent of a fine imposed "for a violation of any law relating to the protection and conservation of wild birds, wild fowl, wild animals, fish, oysters, and other wildlife. . . . " You wish to know whether that portion of a fine collected by a justice court under section 12.106 for failure to appear should be remitted to the Department.

Honorable Edward L. Poole   -   Page 2   (H-1124)

The answer to your question depends whether section 12.106 is a "law relating to the protection and conservation of . . . wildlife" within the terms of section 12.107. The question is a close one. Section 12.106 can be said to relate at least indirectly to the protection and conservation of wildlife because it increases the chance that someone arrested for violation of fish and game laws will appear for disposition of the charges and will incur a penalty if he in fact violated those laws. In addition, section 12.106 was enacted to affect only citations issued for an alleged violation of fish and game laws, and this is reflected in its caption. Acts 1973, 63rd Leg., ch. 132, at 282.

However, after examining other provisions of the Code, we have concluded that section 12.106 is not a law relating to the protection and conservation of wildlife, and fines collected thereunder are not subject to the provisions of section 12.107. There is a similar provision regarding notice to appear for violations of the water safety laws. See Parks & Wild. Code SS 31.125, 31.127. The provision regarding disposition of fines states that an officer receiving "any fine imposed by a court for violation of this chapter shall send the fine to the department. . . ." Parks & Wild. Code S 31.128(a). (Emphasis added). The legislature has clearly subjected fines collected for failure to appear in connection with water safety violations to the disposition provision. See also Parks & Wild. Code SS 13.107, 13.109, 13.111. If the legislature had intended the disposition provision to apply to section 12.106, it could have used the language found in section 31.128(a).

The original version of section 12.107 dates from 1907, while section 12.106 was enacted in 1973. See Acts 1973, 63rd Leg., ch. 132, at 282; Acts 1907, 30th Leg., ch. 137, at 256. The time lapse between the enactment of the two provisions may explain why their terms are not as precisely coordinated as those of the Water Safety Act, adopted as a single piece of legislation. See Acts 1959, 56th Leg., ch. 179, at 369. We do not believe the language of section 12.107 mandates the remission to Parks and Wildlife of a percentage of fines collected under section 12.106.

## SUMMARY

Section 12.106 of the Parks and Wildlife Code which authorizes the imposition of a fine of alleged violators of fish, game, and park laws who fail to appear in court, is not a "law relating to the protection and conservation of . . . wildlife." Hence, fines collected under it are not subject to section 12.107, providing for remission of a percentage of certain fines to the Parks and Wildlife Department.

Honorable Edward L. Poole  -  Page 3   (H-1124)

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst